﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 181205-1016
DATE: February 26, 2021

REMANDED

Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1981 to June 1981.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in the AMA and this decision has been written consistent with the new AMA framework.

Following the issuance of a January 2018 statement of the case (SOC) by the Regional Office (RO) of the Department of Veterans Affairs (VA), in October 2018, the Veteran opted into RAMP, the Rapid Appeals Modernization Program, and elected the higher-level review (HLR) lane. In November 2018, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the January 2018 SOC. 

In a November 2018 RAMP selection form, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the January 2018 SOC, as well as any evidence submitted by the Veteran, or his representative, at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

The November 2018 HLR decision found that new and relevant evidence had been received to readjudicate the claim of service connection for PTSD. This is a favorable finding by the agency of original jurisdiction (AOJ) and the Board will therefore address the claim on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

The Veteran presented testimony at a Board hearing in July 2020. A transcript of the hearing is associated with the Veteran’s claims folder.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claim of entitlement to service connection for PTSD for further development, this additional evidence will be considered by the RO in the adjudication of the claim.

Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

The issue of entitlement to service connection for PTSD is remanded to correct duty to assist errors that occurred prior to the January 2018 SOC on appeal.

The claims file indicates that there may be outstanding and relevant Social Security Administration records. (5/31/2017, SSA/SSI Letter, p. 1). These records are not associated with the Veteran’s claims file and the record does not indicate that the AOJ attempted to request them. Upon remand the AOJ should obtain authorization and request these records.

Additionally, during a July 2020 Board hearing the Veteran testified that he was treated at a military hospital at Fort Dix in 1981. (7/13/2020, Hearing Transcript, p. 6). The Veteran’s military personnel records indicate that he was stationed at Fort Dix for basic training and advanced individual training. (4/6/2010, Military Personnel Record, p. 3). However, the AOJ did not request records from the military hospital at Fort Dix. A remand is required to allow VA to request these potentially relevant records. The error is predecisional because, even prior to the hearing testimony, there was an indication in the file that he had been stationed at Fort Dix.

Based on the aforementioned, the Board finds that duty to assist errors were committed prior to the decision on appeal. Thus, a remand is required to allow VA to obtain authorization and request these records.

The matters are REMANDED for the following action:

1. Obtain the Veteran's federal records from the Social Security Administration. Document all requests for information as well as all responses in the claims file.

2. Obtain records of any inpatient treatment at Fort Dix military hospital in 1981. Document all requests for information as well as all responses in the claims file.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Glenn, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.